**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES D. CONINGFORD** | : | |
| | : | |
| **v.** | : | **CA 07-167ML** |
| | : | |
| **STATE OF RHODE ISLAND, et al** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Now comes the State of Rhode Island and hereby objects to Petitioner's Petition For Writ Of Habeas Corpus. In support of its Motion To Dismiss, the State relies upon the attached Memorandum Of Law.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**Virginia M. McGinn, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 31st day of May, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to James D. Coningford, Pro Se, I.D. #70949, CMODR 39, Medium Security, P.O. Box 8274, Cranston, RI 02920.

/s/ Virginia M. McGinn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES D. CONINGFORD** | : | |
| | : | |
| **vi.** | : | **CA 07-167ML** |
| | : | |
| **STATE OF RHODE ISLAND, et al** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**Facts and Travel**

Petitioner, James Coningford, was charged with the second-degree child molestation of Brian Lappin in August of 2003 (Ind. No. K2/2003-0412A). He was tried in Kent County Superior Court (Nugent, J., presiding) in June of 2004. The jury found Coningford guilty and he was sentenced to thirty years at the Adult Correctional Institution, with twenty to serve and ten suspended with probation.

He appealed his conviction to the Rhode Island Supreme Court alleging that the trial justice erred in not including a jury instruction on the lesser-included offense of simple assault and in his evidentiary ruling admitting evidence prior bad acts. In a decision dated July 3, 2006, the Rhode Island Supreme Court affirmed Coningford's conviction. *See* State v. Coningford, 901 A.2d 623 (R.I. 2006)(Attached Hereto as Exhibit A).[1] The petitioner has now filed this habeas petition challenging that decision.

[1] Pursuant to Rule 5 (c) of the Rules governing §2254 cases, the transcript of Petitioner's 2004 trial can be requested from the Kent County Superior Court Clerk's Office and copied by the State if directed by this Court.

**Standard**

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") significantly limited the scope of federal habeas review by precluding the granting of habeas relief to a state prisoner, unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254 (d)(1). A state court decision is "contrary to" federal law if the state court applies a different or contradictory legal principle or decides the case differently on materially indistinguishable facts. *See* Williams v. Taylor, 529 U.S. 362, 405 (2000). And a decision is "unreasonable" if the state court identified the correct legal principle, but unreasonably applied the facts of a particular case. *See* Bell v. Cone, 535 U.S. 685, 694 (2002). In order for this Court to grant habeas relief, the state court decision must be objectively unreasonable and not merely incorrect. *See* McCambridge v. Hall, 303 F.2d 24, 36 (1st Cir. 2002)(some increment of incorrectness beyond error is required to make the state court decision unreasonable). Additionally, determinations of factual issues by the state court are presumed correct and defendant has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254 (e)(1).

State law errors are not a proper basis for federal habeas relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[2] Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "Federal courts sitting in habeas must accept state court rulings on state law

[2] "Whether habeas review is under the deferential standard provided in §2254(d)(1) or under the *de novo* standard in Fortini, state habeas petitioners may not seek release on federal law grounds which have yet to be clearly established." Kater v. Maloney, 459 F.3d 56, 64 (1st Cir. 2006).

issues. An inquiry into the correctness of a ruling on state law issues 'is no part of a federal court's habeas review of a state conviction.' " Rodriguez v. Spencer, 412 F.3d 29, 37 (1st Cir. 2005) *quoting* Estelle v. McGuire, 502 U.S. 62, 67 (1st Cir. 1991). In the case at bar, petitioner has not alleged errors of state law so arbitrary and capricious as to constitute an independent due process violation that would rise to a constitutional magnitude and warrant federal court review. *See* Lewis v. Jeffers, 497 U.S. at 780.

**Discussion**

1. Jury Instruction.

Petitioner claims that the trial justice erred by not including a jury instruction on the lesser-included offense of simple assault. However, as the Rhode Island Supreme Court found "the record here is devoid of any evidence that would support an inference that defendant's acts were not intended for his own sexual gratification or arousal." State v. Coningford, 901 A.2d at 631.

In its decision, the Rhode Island Supreme Court cited state caselaw regarding when a lesser-included offense was warranted for inclusion in jury instructions. State v. Coningford, 901 A.2d at 630. "A defendant is entitled to an instruction on a lesser-included offense when such an instruction is justified by the evidence presented at trial." State v. Motyka, 893 A.2d 267, 284 (R.I. 2006). Only if an "actual and adequate dispute exists as to the distinguishing element between the lesser and greater offenses in question" is a lesser-included offense instruction warranted. State v. Garcia, 883 A.2d 1131, 1137 (R.I. 2005). *See also* Hopper v. Evans, 456 U.S. 605, 611 (1982)(even in capital cases where the law is clearly established, "due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an

instruction")(emphasis in original) ***and*** Petrillo v. O'Neill, 428 F.3d 41, 45 (1st Cir. 2005)(state court need not cite federal law as long as decision does not contradict any federal precedents).

As the state court found, "In the case before us today, there was no evidence refuting Robert's testimony, from which it could be inferred that the encounter with defendant was of a sexual nature." State v. Coningford, 901 A.2d at 631. ***Contra*** State v. Messa, 594 A.2d 882, 884 (R.I. 1991)(even one of the complainants "testified himself that the defendant's actions may have been merely 'wrestling' or 'horsing around.'"). Rather, petitioner's defense throughout trial was that there had been no touching at all and that he never made accidental or mistaken touching an issue. State v. Coningford, 901 A.2d at 631. In light of the lack of evidence that there was an accidental or unintentional touching in this case, the state court did not err in refusing to give a simple assault instruction.

Moreover, even if there had been an error with respect to refusing to give a lesser-included offense instruction, such an error would not constitute a due process violation. In Beck v. Alabama, 447 U.S. 625, 638 (1980), the United States Supreme Court expressly declined to decide whether due process would require a lesser-included offense instruction in a non-capital case, even when the evidence warranted such an instruction. Since then, the circuit courts have divided regarding whether the holding in Beck should be extended to non-capital cases. ***See*** Tata v. Carver, 917 F.2d 670, 671-2 (1st Cir. 1990)(some circuits found that the absence of lesser-included offense instructions raised no federal due process issue and others found constitutional error whenever the evidence would support a lesser included offense). "Given this split in authority, the Supreme

Judicial Court's conclusion that a lesser included offense instruction was not required under the circumstances of Paulding's noncapital case cannot be said to be contrary to or an unreasonable application of 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Paulding v. Allen, 303 F.Supp.2d 26, 31-2 (D. Mass. 2004) quoting 28 U.S.C.§2254 (d)(1).

2. Prior Bad Acts.

Petitioner next challenges the trial justice's Rule 404 (b) evidentiary ruling. He claims that the other incidents were too dissimilar and remote to the current charges to be probative and were therefore unfairly prejudicial.

As with the previous issue, a state court decision must be contrary to or constitute an unreasonable application of federal constitutional law before a habeas may issue. A writ of habeas corpus is not properly granted based on a violation of state evidentiary rules. Petrillo v. O'Neill, 428 F.3d 41, 44 (1st Cir. 2005). "To be a constitutional violation, a state evidentiary error must so infuse the trial with inflammatory prejudice that it renders a fair trial impossible." Petrillo v. O'Neill, 428 F.3d at 44. The question, therefore, is not whether the admission of evidence violated state law, but "whether any error rendered the trial so fundamentally unfair that it violated the Due Process Clause." Kater v. Maloney, 459 F.3d 56, 64 (1st Cir. 2006).

> On extreme facts, it may be theoretically possible to find that a state court's evaluative judgment – that the prejudicial effect does not substantially outweigh the probative value – was such an unreasonable application of clearly established federal constitutional standards as to result in a fundamentally unfair trial. In practice, such a case-*if one exists - will be very rare.*

Kater v. Maloney, 459 F.3d at 64 (emphasis added).

The record in this case indicates that while the evidence at issue was certainly adverse to Coningford, as is most evidence presented by the state at trial, it was not ***unfairly*** prejudicial and did not lead to a fundamentally unfair trial. The trial justice clearly and quite reasonably laid out his reasons for admitting the testimony as recognized by the Rhode Island Supreme Court in its decision upholding the conviction. The Rhode Island Supreme Court was satisfied that the trial justice did not abuse his discretion in permitting the testimony of two witnesses "to show a common scheme, plan, or modus operandi to molest young boys."[3] State v. Coningford, 901 A.2d at 628. The trial justice recognized that the 404 (b) incidents occurred seven and eleven years prior to the incident here, but specifically found that the remoteness of the acts was outweighed by their probative value. In support of that finding, he cited a prior Rhode Island case, State v. Hopkins, 698 A.2d 183 (R.I. 1997), wherein although the incidents of abuse occurred ten years apart, its admission was upheld since the abuse occurred in a like manner to boys under defendant's control or influence. The 404 (b) incidents were similar since all of the complainants were young boys unrelated to Coningford who at the time of the abuse were in the vicinity of his home and under his influence, supervision or control. Other similarities included the type of contact and the fact that petitioner asked or attempted to photograph at least two of the boys. State v. Coningford, 901 A.2d at 628.

Additionally, the trial justice found that the prior bad acts evidence was relevant to the crime charged and reasonably necessary since, pursuant to state law regarding second-degree sexual assault, the state had the burden of proving that the touching was

[3] It should be noted that the trial justice refused to admit the 404 (b) testimony of a girl with similar claims against Coningford.

done "for the purpose of sexual arousal, gratification, or assault." R.I. Gen. Laws 1956 (2002 Reenactment) §§ 11-37-1(7) and 11-37-8.3. Finally, the trial justice properly instructed the jury that the evidence was admitted for the limited purpose of demonstrating a common scheme or plan and *not* "as a basis for inferring that defendant had a propensity to commit sexual offenses." State v. Coningford, 901 A.2d at 629. "The trial court's admission into evidence of the 'bad acts' testimony was not in violation of clearly established federal law, as determined by the Supreme Court of the United States, as it was not a federal question." Otsuki v. DuBois, 994 F.Supp. 47, 58 (D. Mass. 1998).

Conclusion

For these reasons, then, the State would respectfully ask that the motion to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* be granted.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**Virginia M. McGinn, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 31st day of May, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to James D. Coningford, Pro Se, I.D. #70949, CMODR 39, Medium Security, P.O. Box 8274, Cranston, RI 02920.

/s/ Virginia M. McGinn