EXHIBIT A.

Westlaw.



901 A.2d 623
**(Cite as: 901 A.2d 623)**

**C**
State v. Coningford
R.I.,2006.

Supreme Court of Rhode Island.
STATE
v.
James CONINGFORD.
**No. 2005-168-C.A.**

July 3, 2006.

**Background:** Defendant was convicted by a jury in the Superior Court, Kent County, Stephen P. Nugent, J., of second-degree child molestation sexual assault. Defendant appealed.

**Holdings:** The Supreme Court, Suttell, J., held that:

(1) evidence concerning defendant's prior sexual molestation of two boys was admissible to show a common scheme, plan, or modus operandi to molest young boys, and

(2) defendant was not entitled to a jury instruction on simple assault.

Affirmed.
West Headnotes
**[1] Criminal Law 110 ⚷372(7)**

110 Criminal Law
110XVII Evidence
110XVII(F) Other Offenses
110k372 Acts Part of Series Showing System or Habit
110k372(7) k. Incest, Rape, and Other Sex Offenses. Most Cited Cases
Evidence concerning defendant's prior sexual molestation of two boys was admissible to show a common scheme, plan, or modus operandi to molest young boys, in prosecution for second-degree child molestation sexual assault, even though the incidents with the other boys occurred seven and 11 years before the incident with victim; the trial court found the remoteness of the prior acts was outweighed by the probative value of the evidence, the victim and the other boys were similar ages at the times of the assaults, they were all under defendant's influence, supervision, or control when the incidents occurred, and the evidence of defendant's prior misconduct showed that defendant's touching of the victim was for sexual gratification and was not accidental or innocent. Rules of Evid., Rule 404(b); Gen.Laws 1956, §§ 11-37-1(7), 11-37-8.3.

**[2] Criminal Law 110 ⚷369.2(5)**

110 Criminal Law
110XVII Evidence
110XVII(F) Other Offenses
110k369 Other Offenses as Evidence of Offense Charged in General
110k369.2 Evidence Relevant to Offense, Also Relating to Other Offenses in General
110k369.2(3) Particular Offenses, Prosecutions for
110k369.2(5) k. Sex Offenses; Offenses Relating to Children. Most Cited Cases
When prior sexual misconduct evidence is offered concerning the defendant and someone other than the complainant, the alleged incidents must be closely related in time, place, age, family relationships of the victims, and the form of the sexual acts. Rules of Evid., Rule 404(b).

**[3] Criminal Law 110 ⚷369.2(5)**

110 Criminal Law
110XVII Evidence
110XVII(F) Other Offenses
110k369 Other Offenses as Evidence of Offense Charged in General
110k369.2 Evidence Relevant to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Offense, Also Relating to Other Offenses in General
110k369.2(3) Particular Offenses, Prosecutions for
110k369.2(5) k. Sex Offenses; Offenses Relating to Children. Most Cited Cases
When prior sexual misconduct evidence is offered concerning the defendant and someone other than the complainant, the evidence is admissible only when the exception is relevant to proving the charge lodged against the defendant, and only when reasonably necessary. Rules of Evid., Rule 404(b).

**[4] Criminal Law 110 ⚷673(5)**

110 Criminal Law
110XX Trial
110XX(C) Reception of Evidence
110k673 Effect of Admission
110k673(5) k. Limiting Effect of Evidence of Other Offenses. Most Cited Cases
When prior sexual misconduct evidence is offered concerning the defendant and someone other than the complainant, the trial justice must instruct the jury on the limited purpose for which the evidence may be considered. Rules of Evid., Rule 404(b).

**[5] Assault and Battery 37 ⚷96(1)**

37 Assault and Battery
37II Criminal Responsibility
37II(B) Prosecution
37k93 Trial
37k96 Instructions
37k96(1) k. In General. Most Cited Cases
Defendant was not entitled to a jury instruction on simple assault, as a lesser-included offense of second-degree child molestation sexual assault; the offense of child molestation sexual assault required proof that the touching of victim was done for the purpose of sexual gratification or arousal, there was no dispute concerning whether defendant touched the victim for the purpose of sexual gratification or arousal, and at trial defendant argued that no touching occurred. Gen.Laws 1956, §§ 11-5-3, 11-37-1(7), 11-37-8.3.

**[6] Criminal Law 110 ⚷795(2.1)**

110 Criminal Law
110XX Trial
110XX(G) Instructions: Necessity, Requisites, and Sufficiency
110k795 Grade or Degree of Offense; Included Offenses
110k795(2) Evidence Justifying or Requiring Instructions
110k795(2.1) k. In General. Most Cited Cases
A defendant is entitled to an instruction on a lesser-included offense when such an instruction is justified by the evidence presented at trial.

**[7] Criminal Law 110 ⚷795(2.1)**

110 Criminal Law
110XX Trial
110XX(G) Instructions: Necessity, Requisites, and Sufficiency
110k795 Grade or Degree of Offense; Included Offenses
110k795(2) Evidence Justifying or Requiring Instructions
110k795(2.1) k. In General. Most Cited Cases
The trial justice is not required to instruct the jury on a lesser-included offense when there is no dispute as to the essential element that distinguishes the lesser and greater offenses.

**[8] Criminal Law 110 ⚷1139**

110 Criminal Law
110XXIV Review
110XXIV(L) Scope of Review in General
110k1139 k. Additional Proofs and Trial De Novo. Most Cited Cases
A trial justice's refusal to instruct the jury on a lesser-included offense is reviewed by the Court of Appeals on a de novo basis.

Virginia M. McGinn, Esq., Providence, for Plaintiff.
Paula Rosin, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., and GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**OPINION**

Justice SUTTELL, for the Court.

The defendant, James Coningford, appeals from a judgment of conviction for second-degree child molestation sexual assault, arguing that the trial justice erred in (1) permitting the state to present the testimony of two witnesses concerning the defendant's alleged prior acts of sexual misconduct under Rule 404(b) of the Rhode Island Rules of Evidence, and (2) refusing to instruct the jury on the lesser-included offense of simple assault. For the reasons set forth herein, we affirm.

**Facts and Procedural History**

The state charged defendant with the second-degree child molestation of a seven-year-old boy by criminal information on July 29, 2003. He was tried in the Superior Court before a jury in June 2004.[FN1]

FN1. The present case was consolidated for pretrial purposes with another case in which defendant was charged with the second-degree child molestation of a young girl. After the two cases were severed in a pretrial ruling by the trial justice, a jury found defendant not guilty in the case involving the young girl.

The complainant, Robert,[FN2] nine years old at the time of trial, was a friend of defendant's son, Zachary. According to Robert, one day in August 2002, he was listening to music on the computer with Zachary and another boy in Zachary's room when defendant walked in, placed Robert on his shoulders, carried him downstairs to defendant's bedroom, placed him on the bed, and closed the door. Robert testified that defendant then kneeled next to him so that he was over Robert's body and told him to hold his breath for five minutes. The defendant then touched Robert's penis over his clothes. Robert also said defendant “sniffed” his penis. After this happened, Robert got up, ran out of the bedroom, went out to his bicycle, and rode home. Robert said that the touching made him feel “nervous.”

FN2. In keeping with our customary practice, the names of the complainant and two witnesses, who were all minors at the time of the alleged molestations, are pseudonyms.

When asked at trial how many times this happened to him in the same way, Robert answered “[t]hree,” although he indicated in a statement to police that it happened “lots of times.” Robert also testified that on other occasions when he was visiting defendant's home defendant would take pictures of him, Zachary, and another boy, either together or individually, but Robert did not indicate that he was ever photographed while unclothed or in a compromising position. Robert told his father about the incident in defendant's bedroom when his father asked him one day whether defendant had ever touched him. His father then called the police and Robert spoke with Detective Janice Sassi at least two times, one time giving a written statement and another time while the detective videotaped his account of what happened.

Joseph, who was sixteen years old at the time of trial, also testified for the state. ***626** He said that when he was eight years old, in 1995, he was on his way to a friend's house in West Warwick one day when he passed an apartment building and encountered defendant, who had a video camera and a still-photograph camera. Joseph said that defendant called him over to his house and asked whether Joseph would pull down his pants so that defendant could take pictures of him. Joseph testi fied that when he refused, defendant said, “if you don't pull your pants down I'm going to kiss your butt.” Joseph said that he still refused, but defendant unzipped and unbuttoned Joseph's pants. He testified that this made him feel “uncomfortable, ” and that he asked to leave. [FN3]

FN3. As a result of the encounter with Joseph, defendant pled *nolo contendere* to an amended charge of simple assault and battery and received a sentence of six months to serve.

Another witness for the state, Roger, who was

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

twenty-eight years old and residing at the Adult Correctional Institutions (ACI) maximum security unit because of a sexual assault conviction at the time of trial, testified that in 1991, when he was about fourteen, he was attending the Harmony Hill School, "[a] school for * * * kids who have * * * behavior problems." During that time, he reported an incident to the police that involved defendant. Roger said that he and his cousin had gone to defendant's house and that defendant was "rubbing up against me and stuff like that" and "grabbed my ass." Roger testified that defendant rubbed his penis area into Roger's buttocks, which made him feel "[u]ncomfortable," and that he "knew there was something wrong with it." FN4

FN4. After the complaint by Roger, defendant pled *nolo contendere* to an amended charge of simple assault and battery and received a six-month suspended sentence, with probation.

Detective Sassi also testified for the state, saying that she had been a detective with the Warwick Police Department for nineteen years and had taken statements from Robert concerning defendant's alleged sexual misconduct toward him. She said that the first statement, taken on September 1, 2002, was written, while the second statement, taken on June 23, 2003, was videotaped. Detective Sassi testified that although Robert's father accompanied him to the police station she interviewed Robert alone.

After the state rested, defendant made a motion for judgment of acquittal, which the trial justice denied. The defendant did not testify or present witnesses. After the trial justice's final instructions to the jurors, the defense asked for an instruction on the lesser-included offense of simple assault. Noting that defense counsel "submitted no instructions about a lesser-included offense" and that it did not " appear to [him] there is any evidence in the record to support it anyway," the trial justice denied defendant's request.

After deliberations, the jury found defendant guilty of second-degree child molestation. On June 28, 2004, defendant renewed his motion for judgment of acquittal and made a motion for a new trial, arguing that the verdict was contrary to the weight of the evidence, failed to do substantial justice, and that he suffered prejudice by the testimony of Joseph and Roger. The trial justice denied the motion for a new trial at a hearing on July 20, 2004. Subsequently, on September 16, 2004, the trial justice sentenced defendant to thirty years at the ACI, with twenty years to serve and ten years suspended, with probation. A no-contact order prohibiting defendant from any contact with Robert was entered on the same date. A judgment of conviction and commitment was entered on September 17, 2004, and defendant filed a notice of appeal on October***627** 5, 2004. He advances two claims of error on appeal.

**Evidence of Defendant's Prior Sexual Misconduct**

[1] The defendant first argues that the trial justice erred in permitting the state to introduce the testimony of Joseph and Roger. He asserts that the testimony did not fall within any of the exceptions to inadmissible character evidence contained in Rule 404(b) because the previous incidents were so dissimilar and remote in time from the charged offense that the jury improperly could have viewed the evidence as showing that defendant had a propensity to commit sexual offenses. The issue initially arose before trial when the state filed a motion *in limine* requesting permission to present the testimony of Joseph and Roger. After hearing oral arguments from both parties, the trial justice permitted the testimony under Rule 404(b) notwithstanding defendant's objection.

Rule 404(b) sets forth "various exceptions to the general exclusionary rule * * * that prohibits the use of prior-bad-acts evidence to prove conduct in conformity with character." *State v. Garcia,* 743 A.2d 1038, 1050 (R.I.2000). Rule 404(b) states:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

In interpreting Rule 404(b) in the context of a molestation or sexual assault case, this Court has said that "evidence of a defendant's prior sexual misconduct cannot be admitted to prove that ' defendant is a bad man, and that he has a propensity toward sexual offenses and, therefore, probably committed the offenses with which he is charged.' " *State v. Mohapatra,* 880 A.2d 802, 806 (R.I.2005) (quoting *State v. Quattrocchi,* 681 A.2d 879, 886 (R.I.1996)).

[2][3][4] When prior sexual misconduct evidence is offered concerning the defendant and someone other than the complainant under Rule 404(b), FN5 this Court has indicated that those prior instances must be "nonremote" and "similar" to the charged offense to be admissible. *Mohapatra,* 880 A.2d at 806 (quoting *State v. Jalette,* 119 R.I. 614, 627, 382 A.2d 526, 533 (1978)). This means that the alleged incidents must be "closely related in time, place, age, family relationships of the victims, and the form of the sexual acts." *Id.* (quoting *State v. Brigham,* 638 A.2d 1043, 1045 (R.I.1994)). In addition, the evidence is admissible " 'only when [the] exception is relevant to proving the charge lodged against the defendant,' and 'only when reasonably necessary.' " *Id.* (quoting *Jalette,* 119 R.I. at 627, 382 A.2d at 533). "Finally, the trial justice must instruct the jury on the limited purpose for which the evidence may be considered." *Id.*

FN5. The exceptions to inadmissible character evidence contained in the second sentence of Rule 404(b) of the Rhode Island Rules of Evidence are "[r]elated to, yet readily distinguishable from," the so-called "lewd disposition" exception, which governs only the admissibility of evidence of prior sexual misconduct committed by a defendant against the complaining victim. State v. *Mohapatra,* 880 A.2d 802, 806 n. 4 (R.I.2005). This Court has refused to extend the "lewd disposition" exception to admit testimony of persons other than the victim in a particular case. *Id.*

Turning to the issue presented herein, we initially note that the admissibility of this type of Rule 404(b) evidence, as well ***628** as all evidence, is a decision entrusted to the sound discretion of the trial justice, "and this Court will not interfere with the trial justice's decision unless a clear abuse of discretion is apparent." *Mohapatra,* 880 A.2d at 805 (quoting *State v. Grayhurst,* 852 A.2d 491, 504 (R.I.2004)). Applying our deferential standard, we are satisfied that the trial justice did not abuse his discretion in ruling that the prior-acts evidence was admissible to show a common scheme, plan, or modus operandi to molest young boys. First, the trial justice properly considered the remoteness of the prior incidents involving Joseph and Roger. In this respect, he specifically cited *State v. Hopkins,* 698 A.2d 183 (R.I.1997), which he felt was "most on point with this particular case." In *Hopkins,* this Court affirmed the admission of evidence of prior sexual misconduct perpetrated against boys of a similar age to the victim, even though the incidents of abuse occurred ten years apart, because the incidents were committed "in a like manner" against boys who "were under [defendant's] control or influence." *Id.* at 185, 186. Here, although the incidents with Joseph and Roger occurred seven and eleven years before the incident with Robert, respectively, the trial justice specifically found that the remoteness of the prior acts was outweighed by the probative value of the evidence. FN6 It is our opinion that the trial justice did not abuse his discretion in so ruling.

FN6. In examining this finding by the trial justice, we find this Court's words in the case of *State v. Hopkins,* 698 A.2d 183, 186 (R.I.1997), to be equally applicable to the present case:
"To be sure, as the generality of the alleged class of victims and the breadth of the purported plan, scheme, or modus operandi increases, the probative force of this evidence to establish the non-character-related purposes for which it

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> is offered tends to diminish while its effectiveness in showing that the defendant has acted in conformity with his deviant sexual character tends to increase. But this arguable defect in the probative value of such evidence goes to its weight and to the need for limiting instructions, not to its admissibility under Rule 404(b) when, as here, such evidence is reasonably necessary for the prosecution to prove its case and is not merely cumulative."

Second, the trial justice properly considered the similarity of the prior allegations to the charged crime in making his ruling. He noted that, like the complainant, the proposed Rule 404(b) witnesses were young boys at the time of the misconduct who were in the location of defendant's home and that they were under defendant's influence, supervision, or control when he took advantage of that authoritative position.[FN7] Although Roger was slightly older than the other two boys at the time of his encounter with defendant, all three boys were at what may be considered a vulnerable age that would possibly make them less resistant to defendant's unwelcome advances and less likely to report the incidents to the authorities. *See Mohapatra,* 880 A.2d at 808 (stating the same reasoning for admitting the Rule 404(b) testimony of a young woman even though there was a "meaningful difference" between her age and that of the adolescent female complainant). In addition, Joseph, like the complainant, said that defendant asked to photograph him. Based on these similarities, we cannot say that the trial justice abused his discretion in finding that the prior acts were sufficiently similar to the charged acts.

> FN7. Notably, the trial justice refused to allow the same Rule 404(b) testimony in the severed case because the fact that the victim in that case was a young girl and not a young boy made the prior incidents of sexual misconduct dissimilar.

Next, the evidence must be "relevant" to the crime charged and "reasonably necessary."***629** *Jalette,* 119 R.I. at 627, 382 A.2d at 533. To be found guilty of second-degree child molestation sexual assault, defendant's contact with Robert had to be done "for the purpose of sexual arousal, gratification, or assault." G.L.1956 §§ 11-37-1(7) and 11-37-8.3. This Court has held that evidence of a defendant's prior sexual misconduct may be necessary for the state to show that the defendant's intent in touching the victim was for sexual gratification and to disprove that the improper touching was accidental or innocent. *See State v. Davis,* 670 A.2d 786, 789 (R.I.1996).

In the present case, the jury could infer, from the evidence of similar incidents involving two other young boys, that defendant's intent in touching Robert was for the purpose of sexual arousal or gratification. In deciding that the testimony was admissible, the trial justice properly made the observation that the state may have been unable to sustain its burden of proof beyond a reasonable doubt concerning the sexual gratification element of the crime without the Rule 404(b) testimony. The trial justice therefore did not abuse his discretion in ruling that Joseph's and Roger's testimony was relevant and reasonably necessary to prove the crime charged.

Finally, the trial justice instructed the jury in considerable detail, after both Joseph and Roger testified and again in his final instructions, that the testimony could be used only for the limited purposes provided by Rule 404(b) and not as a basis for inferring that defendant had a propensity to commit sexual offenses. He designated with particularity in all three instructions that the specific exception to which the evidence was relevant was the common scheme or plan exception. These instructions properly informed the jury of the limited purpose for which the evidence could be used.[FN8] Therefore, given the trial justice's compliance with all the relevant restrictions on admitting Rule 404(b) evidence, we conclude that the admission of Joseph's and Roger's testimony was a sustainable exercise of his discretion.

> FN8. Moreover, when ruling on the admissibility of the testimony before trial, the trial justice limited how much Rule

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

404(b) evidence would reach the jury. He did not permit the state to present " so-called collateral matters or non-conduct evidence, such as obtained through search warrants or otherwise obtained during the investigation of these prior bad acts."

**The Trial Justice's Refusal to Instruct the Jury on the Lesser-Included Offense**

[5] The defendant next argues that the trial justice erred in failing to instruct the jury on the lesser-included offense of simple assault, which offense carries a maximum sentence of one year imprisonment, $1,000 fine, or both. *See* G.L.1956 § 11-5-3. He contends that the trial justice was wrong in ruling that defendant was not entitled to such instruction because he had not provided the court with written requests for jury instructions. Further, defendant maintains that the trial justice erred in finding that the record did not contain sufficient evidence to require a charge on simple assault as a lesser-included offense.

We note first that the trial justice could not have refused to give an instruction on the lesser-included offense of simple assault based solely upon defendant's failure to submit written requests for jury instructions. Rule 30 of the Superior Court Rules of Criminal Procedure says that a party "may" file written requests for jury instructions and only requires written requests if the defendant relies upon an affirmative defense and wishes the court to instruct the jury concerning such defense. ***630** Rule 30 goes on to indicate that a party's timely objection to the trial justice's failure to give a particular instruction is a requisite for the issue to be appealable to this Court. *See also State v. Hallenbeck,* 878 A.2d 992, 1007 (R.I.2005). In the present case, defense counsel set forth a specific objection to the trial justice's failure to instruct on simple assault. Although the trial justice admonished defense counsel for failing to submit a suggested jury instruction on the lesser-included offense, he could not properly have refused to so instruct upon that basis alone; therefore, we proceed to examine the trial justice's decision not to so instruct the jury because he found that there was no evidence in the record to support such charge.

[6][7][8] "A defendant is entitled to an instruction on a lesser-included offense when such an instruction is justified by the evidence presented at trial." *State v. Motyka,* 893 A.2d 267, 284 (R.I.2006). This means that "some minimal evidence exists that, if credited by the jury, could support a conviction for the lesser-included offense. " *Id.* (quoting *State v. McGuy,* 841 A.2d 1109, 1112 (R.I.2003)). However, the trial justice is not required to instruct the jury on a lesser-included offense when there is no dispute as to the essential element that distinguishes the lesser and greater offenses. *Id.* at 285. "[A] trial justice's refusal to instruct the jury on a lesser-included offense is reviewed by this Court on a *de novo* basis." *Id.* at 281. As the trial justice does, we look at the evidence to ascertain "whether 'an actual and adequate dispute exists as to the distinguishing element between the lesser and greater offenses in question.' " *Id.* (quoting *State v. Garcia,* 883 A.2d 1131, 1137 (R.I.2005)).

Here, defendant was charged with second-degree child molestation sexual assault, which requires " the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault." Sections 11-37-1(7) and 11-37-8.3. A simple assault, in contrast, is "an 'unlawful attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness.' " *State v. Pope,* 414 A.2d 781, 788 (R.I.1980) (quoting *State v. Baker,* 20 R.I. 275, 277, 38 A. 653, 654 (1897)). A battery, chargeable under the same statute as a simple assault, *see* § 11-5-3, "refers to an act that was intended to cause, and does cause, an offensive contact with or unconsented touching of or trauma upon the body of another, thereby generally resulting in the consummation of the assault." *State v. Messa,* 594 A.2d 882, 884 (R.I.1991) (quoting *Proffitt v. Ricci,* 463 A.2d 514, 517 (R.I.1983)). At trial, defense counsel's act of requesting a lesser-included instruction on "simple assault" was sufficient to alert the trial justice that there was a referral to the simple assault or battery statute generally. *See id.* at 885.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

In this case, we agree with the trial justice that defendant was not entitled to an instruction on simple assault or battery. The distinguishing element between the greater and lesser offenses in this case is that for second-degree child molestation sexual assault the state had to prove that the touching of Robert was for the purpose of sexual gratification or arousal, while simple assault or battery would not require such proof. Although evidence existed that would have supported a conviction for the lesser offense of simple assault or battery in this case, we conclude that there was no actual and adequate dispute concerning the distinguishing element of the lesser and greater offenses to entitle defendant to the requested instruction.

***631** The defendant relies on *Messa* to argue that the trial justice erred in refusing to instruct the jury on the lesser-included offense. *Messa,* however, is distinguishable from the present case. In *Messa,* we held that an instruction on the lesser-included offense of battery should have been given when the defendant was charged with the greater offense of second-degree sexual assault because there was evidence that the defendant acted without the requisite intent to gratify or arouse himself sexually. *Messa,* 594 A.2d at 884. Indeed, one of the complainants in *Messa* had testified himself that the defendant's actions may have been merely "wrestling " or "horsing around." *Id.*

In the case before us today, there was no evidence refuting Robert's testimony, from which it could be inferred that the encounter with defendant was of a sexual nature. Instead, defendant alleges on appeal that he maintained throughout trial that there never was any touching at all. He further argues that he " never made an innocent or mistaken touching an issue." Thus, unlike in *Messa,* the record here is devoid of any evidence that would support an inference that defendant's acts were not intended for his own sexual gratification or arousal. *See State v. Haigh,* 666 A.2d 803, 804 (R.I.1995) (distinguishing *Messa* for the same reason).

Moreover, even when defense counsel cross-examined the state's witnesses, all that he established was that the defendant did not touch Joseph's private parts or remove his own clothes during that encounter and that Roger's and Robert's testimony may have lacked credibility. Irrespective of defense counsel's argument that the evidence was insufficient to show that the defendant touched Robert for sexual gratification or arousal, the only evidence presented at trial supported a different conclusion. After our *de novo* review of the evidence, it is our opinion that there was no actual and adequate dispute concerning this distinguishing element of the lesser and greater offenses, and thus the trial justice was correct in determining that the defendant was not entitled to an instruction on simple assault or battery.

**Conclusion**

For these reasons, the judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

R.I.,2006.
State v. Coningford
901 A.2d 623

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.