REALIZING I MAY NOT BE GRANTED AN ADEQUATE EXTENSION TO THOROUGHLY PREPARE, I WILL ATTEMPT TO EXPLICATE MY REMAINING CONCERNS NOW. NOT BEING AN ATTORNEY, AND NOT HAVING BEEN GRANTED AMPLE TIME (AS OF YET), I AM CURRENTLY UNABLE TO REFERENCE OR CITE PERTINENT CASE LAW. HENCE, I HAVE NO OPTION BUT TO PRESENT MY CONCERNS FROM A PERSONAL (LAYMAN'S) PERSPECTIVE. PLEASE TAKE MY LACK OF KNOWLEDGE AND UNDERSTANDING OF LAW INTO CONSIDERATION WHILE REVIEWING THIS ADDENDUM TO MY ORIGINAL, PARTIAL RESPONSE THAT WAS FILED ON JUNE 18, 2007.

CONCERNS PERTAINING TO THE INCLUSION OF 404(b) TESTIMONY:

- CONTRARY TO JUDGE NUGENT'S CLAIM OF MY PROPENSITY TO "MOLEST" YOUNG BOYS, I DO NOT BELIEVE THE 404(b) TESTIMONY SHOULD HAVE BEEN ADMITTED, SINCE NEITHER OF THE 404(b) 'WITNESSES' EVER MENTIONED DURING THEIR TESTIMONY THAT THEY WERE MOLESTED OR TOUCHED IN A SEXUAL OR INAPPROPRIATE MANNER. INFACT R. COLARDO ('95) SPECIFICALLY STATED THAT HE WAS NEVER TOUCHED (TT II p. 77-83). NEITHER R. COLARDO NOR J. AMBERCROMBIE EVER MENTIONED OR ALLUDED TO ANY SEXUAL ACT, OR ANY INTENT TO PERFORM A SEXUAL ACT. THE ONLY CLAIMS OF A SEXUAL ACT OR INTENT OF A SEXUAL ACT WERE PROVIDED BY THE PROSECUTOR.
- JUDGE NUGENT ALLOWED THE 404(b) 'WITNESSES' TO TESTIFY BEFORE HEARING ANY TESTIMONY FROM THE ACCUSER, VIZ. HE ALLOWED THEIR TESTIMONY BEFORE DETERMINING ITS RELEVANCE.
- NEITHER R. COLARDO NOR J. AMBERCROMBIE EVER MENTIONED ANY BEHAVIORIAL PRECURSORS OR ACTIVITIES THAT NORMALLY LEAD TO OR SUGGEST A SEXUAL ACT OR THE INTENT OF A SEXUAL ACT (EG. EXPOSING ONE'S GENITALIA/REMOVING OF ONE'S CLOTHING, CARESSING/GROPING ONE'S SELF, IRREGULAR OR HEAVY BREATHING, AN ERECTION, ET AL.).

CONCERNS PERTAINING TO THE INCLUSION OF 404(b) TESTIMONY (CONT.):

- ON OCTOBER 26, 1995 JUDGE CLIFTON DISMISSED THE ASSAULT WITH ATTEMPT TO COMMIT SEXUAL ASSAULT (RE. CURRENT 404(b) WITNESS R. COLARDO), AS HE, CLIFTON WAS THOROUGHLY CONVINCED THAT THERE WAS NO BASIS OR EVIDENCE TO SUGGEST SUCH AN INTENT EVER EXISTED.
- IT IS MY UNDERSTANDING THAT 404(b) 'EVIDENCE' IS MEANT TO BE AN EXCEPTION TO THE STANDARD RULES ~~OF~~ THAT GOVERN EVIDENCE, AND THAT ITS PURPOSE IS TO IDENTIFY 'SIGNITURE' OFFENSES, VIZ. THAT THE 'CRIMES' ARE SO SIMILAR THAT IT IS HIGHLY UNLIKELY THAT SOMEONE ELSE COULD HAVE COMMITTED THEM. IN THIS CASE, THE TESTIMONY OF THE 404(b) WITNESSES AND THE ACCUSER WERE VERY DISSIMILAR IN NEARLY EVERY POSSIBLE ASPECT, INCLUDING: AGE (7-15), LOCATION (CRANSTON, RI; WEST WARWICK, RI; WARWICK, RI), TIME ('91, '95, '03), RACE, RELATIONSHIP, ENVIRONMENT, CIRCUMSTANCE, ALLEGED ACTS, ET AL.. THE ONLY SIMILARITY THAT IS CONSISTANT AMONGST ALL THREE IS THAT THEY ARE ALL MALES. NOT ONLY IS THERE A FIFTY PERCENT CHANCE THAT EACH WITNESS WOULD BE MALE, IT IS IMPOSSIBLE TO DECREASE THESE ODDS ANY FURTHER. IN OTHER WORDS, THE ONE SIMILARITY THEY ALL HAVE IN COMMON CAN NOT BE ANY MORE DISSIMILAR.
- INCLUSION OF THE 404(b) TESTIMONY WAS HIGHLY PREJUDICIAL, UNJUST AND SUPERFLUOUS. THE 404(b) WITNESSES — BY ANY MEANS — COULD NOT SUBSTANTIATE WHETHER AN OFFENSE DID OR DID NOT OCCUR. THEIR TESTIMONY WAS BRIEF, VAGUE, AND TOTALLY UNRELATED TO THE CURRENT CHARGE.
- 404(b) TESTIMONY WAS ALLOWED IN THIS CASE, YET IT WAS NOT ALLOWED IN THE SECOND TRIAL. THIS TRIAL ENDED IN A GUILTY VERDICT WHILE THE SECOND TRIAL ENDED WITH AN ACQUITTAL; THE ONLY PROCEDURAL DIFFERENCE BETWEEN THE TWO WAS THE INCLUSION OF THE 404(b) TESTIMONY IN THE CURRENT CASE. IN THE TRIAL WITHOUT THE 404(b) TESTIMONY, I WAS NOT ONLY ACQUITTED OF THE FELONY CHARGE, I WAS ALSO ACQUITTED OF THE LESSER-INCLUDED CHARGE OF SIMPLE ASSAULT.

CONCERNS PERTAINING TO THE INCLUSION OF 404(b) TESTIMONY (CONT.):

- THE PROSECUTOR CLAIMED THAT I AM RESPONSIBLE FOR THE FAULT AND FAILURES OF THE 404(b) WITNESSES, THEREBY INAPPROPRIATELY AROUSING SYMPATHY OF THE JURORS BY ATTACKING MY CHARACTER.
- EXCULPATORY OR REBUTTAL EVIDENCE (e.g. DISMISSAL OF '95 FELONY CHARGE INVOLVING R. COLARDO) THAT COULD DISCLAIM THE TESTIMONY OF THE 404(b) 'WITNESSES' WAS NOT HEARD (THIS COULD ALSO BE A DUE PROCESS ISSUE).
- THE CUMULATIVE EFFECT OF THE 404(b) TESTIMONY UNJUSTLY DAMAGED MY CHARACTER WHILE ALSO INVITING PREJUDICE AND INDIFFERENCE.

CONCERNS PETAINING TO THE ABSENCE OF A LESSER-INCLUDED CHARGE:

- A LESSER-INCLUDED CHARGE WAS NOT ALLOWED IN THE CURRENT CASE, BUT ONE WAS ALLOWED IN SECOND TRIAL, WHICH RESULTED IN AN ACQUITTAL OF ALL CHARGES. THE CIRCUMSTANES IN BOTH OF THESE ALLEGED OFFENSES WERE NEARLY IDENTICAL WITH RESPECT TO: TIME (SAME SUMMER), AGE, LOCATION (SAME ADDRESS), ENVIRONMENT, AND ALLEGED ACT. THE ONLY PROCEDURAL DIFFERENCES WERE THE LACK OF A LESSER-INCLUDED CHARGE AND THE INCLUSION OF THE 404(b) TESTIMONY. I WOULD LIKE TO POINT OUT THAT THIS CURRENT CHARGE WAS INITIATED AS A RESULT OF AN INVESTIGATION STEMMING FROM THE CHARGE OF WHICH I WAS ACQUITTED.
- THE POSSIBILITY EXIST THAT SOME, IF NOT ALL, OF THE JURORS FELT I WAS GUILTY OF SOME LESSER OFFENSE AND REGARDLESS OF HOW MINOR THIS OFFENSE MIGHT HAVE BEEN, THEY WERE ONLY PROVIDED WITH ONE CHARGE TO DECIDE ON.
- BEFORE THE JURY WAS ASKED TO DELIBERATE, MY ATTORNEY AND THE PROSECUTOR SPECIFICALLY ASKED JUDGE NUGENT TO PROVIDE A LESSER-INCLUDED CHARGE FOR THE JURY TO DECIDE ON. APPARENTLY, THE STATE ALSO REALIZED THAT THERE WAS A REAL POSSIBILITY THAT NO MALICE OR INTENT OF A SEXUAL OR OTHER INAPPROPRIATE BEHAVIOR OCCURRED.

CONCERNS PERTAINING TO THE ABSENCE OF A LESSER-INCLUDED CHARGE (CONT.):

- BASED ON THE TESTIMONY OF THE ACCUSER, B. LAPPIN, THERE WAS NO PLAUSIBLE INDICATION OF ALLEGED SEXUAL ABUSE. THE ACCUSER MERELY STATED THAT HIS GENITALIA WAS BRIEFLY "TOUCHED" (ABOVE HIS CLOTHING), HE DID NOT SAY THAT HIS GENITALIA WAS HELD, RUBBED, SQUEEZE, STROKED, OR ANY OTHER ACTION WITHIN THE VOCABULARY OF A 7-YEAR-OLD THAT WOULD ABSOLUTELY DEMONSTRATE SEXUAL INTENT. EVEN IF THE JURY TOTALLY BELIEVED EVERY WORD OF TESTIMONY OF THE 404(b) WITNESSES, THEY SHOULD NOT ASSUME THAT THE CURRENT OFFENSE IS MORE (OR LESS) SERIOUS, ONLY THAT IT'S MORE PROBABLE. HENCE, THE SERIOUSNESS OF THE CURRENT ALLEGED OFFENSE SHOULD BE DETERMINED SOLEY ON THE ACCUSER'S TESTIMONY — TESTIMONY THAT LACKED ANY EVIDENCE OF SEXUAL MISCONDUCT OR INTENT OF ANY POTENTIAL, SEXUAL MISCONDUCT. MORE IMPORTANTLY, THE ACCUSER NEVER STATED WHETHER HE BELIEVED THE "TOUCH" WAS ACCIDENTAL, INADVERTENT OR DELIBERATE. HIS ONLY COMMENT WAS THAT HE FELT "UNCOMFORTABLE," UNUSAUL TERMINOLOGY FOR A 7-YEAR-OLD. GIVEN THE MOST COMMON CIRCUMSTANCES SEATBELTS, HELMETS AND VACCINATIONS ARE EQUALLY OR MORE "UNCOMFORTABLE," REGARDLESS OF ANY DISCOMFORT NO ONE WOULD QUESTION THE INTENT OF AN ADULT WHO ATTACHES A SEATBELT TO A CHILD, EVEN IF THE CHILD'S GROIN WAS INADVERTANTLY BRUSHED OR "TOUCHED" IN THE PROCESS. SINCE A SIMPLE ASSAULT CHARGE INCLUDES ANY TOUCH WHETHER INTENTIONAL OR OTHERWISE, A CHARGE OF SIMPLE ASSAULT SHOULD HAVE BEEN AVAILABLE TO THE JURY.
- CONSIDERING ONLY THE CURRENT ALLEGATION AS STATED BY THE ACCUSER, AND CAREFULLY COMPARING IT TO THE CRITERIA OF A SECOND DEGREE CHILD MOLESTATION CHARGE AND A SIMPLE ASSAULT CHARGE, THE CURRENT ALLEGATION WOULD MOST CERTAINLY RESEMBLE THE SIMPLE ASSAULT CHARGE OVER THE MOLESTATION CHARGE. FOR THIS REASON, A LESSER-INCLUDED CHARGE OF SIMPLE ASSAULT SHOULD HAVE BEEN AVAILABLE TO THE JURY.

TAKING THE ABOVE INTO ACCOUNT, I BELIEVE JUDGE NUGENT ERRED IN ALLOWING 404(b) TESTIMONY TO BE ADMITTED INTO TRIAL. LIKEWISE, I BELIEVE JUDGE NUGENT ALSO ERRED IN NOT ALLOWING A LESSER-INCLUDED CHARGE TO BE AVAILABLE TO THE JURY.

SINCE I AM NOT AN ATTORNEY AND I POSSESS NO FORMAL KNOWLEDGE OF LAW, I DO NOT THOROUGHLY UNDERSTAND THE STATE'S MOTION; HENCE I AM NOT SUFFICIENTLY EQUIPPED TO FORMULATE A PROPER RESPONSE. DUE TO MY INADEQUACIES, I AM NOW REQUESTING AN EVIDENTRY HEARING AND/OR AN OPPORTUNITY TO SPEAK ON MY OWN BEHALF, BEFORE MY WRIT OF HABEAS CORPUS IS DECIDED.

RESPECTFULLY, Jim Coningford
JAMES D. CONINGFORD, PROSE

June 27, 2007

THIS IS A CONTINUATION OF MY FIVE PAGE ADDENDUM, DATED JUNE 27, 2007. FORTUNATELY, I HAVE A COUPLE OF HOURS OF WRITING TIME BEFORE I NEED TO MAIL OUT MY ADDENDUM (TO MY ORIGINAL PARTIAL RESPONSE) AND FORMAL REQUEST FOR ANOTHER EXTENSION.

I WAS RECENTLY ABLE TO BIDE SEVERAL MINUTES IN THE LAW LIBRARY; THIS TIME WAS ONLY SUFFICIANT ENOUGH TO COPY THE MOST BASIC INFORMATION ON RULE 404(b). FROM THIS INFORMATION, I WILL ATTEMPT TO SUPPORT MY CLAIMS AS INDICATED ON MY HABEAS CORPUS PETITION.

IMMEDIATELY UPON READING THE FIRST PARAGRAPH, IT BECOMES OBVIOUS THAT THE COURT RECOGNIZES THE GREAT POTENTIAL OF 404(b) EVIDENCE BECOMING PREJUDICIAL. R.I.G.L. ATTEMPTS TO SET SEVERAL PRECAUTIONARY MEASURES TO PREVENT THIS RULE FROM BEING MISUSED OR MISINTERPRETED. I BELIEVE THE PROSECUTION HAS FANCIED THEIR OWN LOOSE INTERPRETATIONS OF THIS RULE TO FIT THEIR OWN AGENDA. R.I.G.L. EMPHASIZES THIS CONCERN, IT STATES: "IN A PROSECUTION OF A SEXUAL ASSAULT, TESTIMONY CONCERNING UNRELATED SEXUAL INCOUNTERS WAS EXTREMELY PREJUDICIAL AND IS A VIOLATION OF SUBSECTION (b). ALTHOUGH THE 404(b) WITNESSES DID NOT MENTION OR SUGGEST A "SEXUAL INCOUNTER," THE POTENTIAL TO CREATE PREJUDICE IS THE SAME.

I NOTICED R.I.G.L. EMPLOYS THE TERMS "MOTIVE" AND "INTENT" QUITE OFTEN WITH REFERENCE TO 404(b) EVIDENCE. AS A LAYMAN, I FIND IT DIFFICULT TO DIFFERENTIATE THE TWO. IT IS MY UNDERSTANDING THAT THEY BOTH MEAN A COGNIZANT OBJECTIVE OR PLAN OR EXPECTATION. IN THIS DEFINITION, I DO NOT BELIEVE THAT ANY OF THE 404(b) EVIDENCE EFFECTIVELY SUPPORTS ANY COMMON PLAN OR SCHEME IN RELATION TO THE CASE AT HAND. AS I STATED EARLIER THE ONLY ELEMENT THAT IS CONSISTANT IS THAT THE TWO 404(b) 'WITNESSES' WERE ALSO MALE, AND THAT THE PROBABILITY OF THEM BEING MALE CANNOT GET MUCH LOWER. IN STATE V. HOPKINS THE COURT ALLOWED 404(b) TESTIMONY. I DO NOT BELIEVE THIS STANDARD APPLIES TO MY CASE FOR THE FOLLOWING REASONS:

1. THE 404(b) WITNESSES WIDELY DIFFERED IN AGE (7-15).

2. NEITHER THE 404(b) WITNESSES OR THE ACCUSER CLAIM THEY WERE SEXUALLY ABUSED. ONE WITNESS CLEARLY STATED THAT HE WAS NEVER TOUCHED. THE OTHER WITNESS CASUALLY STATED THAT HE WAS "GRABBED," WHILE THE ACCUSER VAGUELY STATED THAT HE WAS "TOUCHED." NEITHER MENTIONED THAT THE ALLEGED "CONTACT" WAS INTENTIAL OR ACCIDENTAL, NOR DID THEY PROVIDE ANY SUPPORTIVE INFORMATION THAT DEMONSTRATED SEXUAL MISCONDUCT OR INTENT OF SEXUAL MISCONDUCT. HENCE, THE UNRELATED MOMENTARY CONTACT THEY EACH BRIEFLY DESCRIBE IS SIMPLY THAT: UNRELATED, MOMENTARY CONTACT THAT MAY (OR MAY NOT) HAVE BEEN PURELY ACCIDENTAL OR INADVERTANT.
3. THERE IS A TOTAL ABSENSE OF ANY "SIGNITURE" OR COMMON MOTIVE, AS THERE ARE ABSOLUTELY NO SIMILARITIES BETWEEN THE 404(b) WITNESSES AND THE ACCUSER, ASIDE FROM THEM ALL BEING MALE.

ALTHOUGH THE R.I.G.L. REFERENCE I AM REVIEWING DOES NOT SPECIFY IT, I AM ASSUMING THE DEFENDANT (HOPKINS) COMMITTED FIRST DEGREE CHILD MOLESTATION INVOLVING SOME FORM OF PENERTRATION. IF THIS IS TRUE, HIS ACTS AND INTENT ARE CLEAR AND INDESPUTABLE, VERY MUCH UNLIKE A BRIEF CONTACT OVER CLOTHING

R.I.G.L. STATES THAT REBUTTAL EVIDENCE (e.g. '95 DISMISSAL) MUST BE ALLOWED IF IT IS NOT IT IS A DENIAL OF DUE PROCESS AND IT CONSTITUTES REVERSIBLE ERROR.

R.I.G.L. ALSO STATES THAT EVIDENCE OF A DEFENDANT'S LEWD DISPOSITION IS ADMISSIBLE BUT, THERE WAS NOTHING WITHIN THE 404(b) TESTIMONY THAT CLEARLY DEMONSTRATES OR SUGGESTS SUCH A DISPOSITION. R.I.G.L. FURTHER STATES THAT OTHER ACTS AND CONDUCT MAY BE ADMISSIBLE WHEN THEY ARE "INTERWOVEN." IN MY CASE, I AM SURE THAT ALL PARTIES AGREE THAT THERE IS NO DIRECT CONNECTION ("INTERWOVEN-NESS) BETWEEN EITHER 404(b) WITNESS OR THE ACCUSER, B. LAPPIN. R.I.G.L. STATES THAT EVIDENCE OF PREVIOUS CRIMINAL ACTS ARE INADMISSIBLE ONLY IF THE EVIDENCE IS BOTH PREJUDICIAL AND IRRELEVANT. THERE IS NO DOUBT ABOUT IT BEING PREJUDICIAL IN MY CASE. IT IS

ONLY RELEVANCY THAT IS QUESTIONABLE HERE. I BELIEVE I HAVE MADE IT CLEAR THAT THERE IS NO EVIDENEE OF RELEVANCY WITHIN THE TESTIMONY OF THE 404(b) WITNESSES

R.I.G.L. EMPHASIZES CAUTION IN THE USE OF LIMITING INSTRUCTIONS. ALTHOUGH JUDGE NUGENT MADE AN EFFORT TO PROVIDE LIMITING INSTRUCTIONS AFTER EACH 404(b) WITNESS TESTIFIED, HE FAILED TO REPEAT THESE VERY LENGTHY AND CONFUSING INSTRUCTIONS WHEN THE JURY RETURNED FROM BREAKS OR AT THE BEGINNING OF EACH DAY. FROM THE TIME IT TOOK THE JURY TO REACH ITS VERDICT, MORE THAN TWO DAYS HAD PASSED SINCE THEY LAST HEARD THE INSTRUCTIONS. SINCE THEN, I HAVE HAD PLENTY OF TIME TO READ AND ABSORB THESE INSTRUCTIONS, YET I AM STILL UNABLE TO RETAIN OR MEMORIZE THEM FOR A PERIOD LONG ENOUGH TO APPLY THEM. MOREOVER, JUDGE NUGENT MADE NO EFFORT TO INCLUDE CURATIVE INSTRUCTIONS THAT COULD ADEQUATELY COUNTER-BALANCE THE AFFECT OF EXTREME PREJUDICE.

EVEN IF THE STATE IS ABLE TO CONVINCE THIS COURT THAT THEY HAVE MEET ONE OR TWO OF THE 404(b) STANDARDS, THEY CANNOT POSSIBLY OUTWEIGHT THE EFFECT OF THE RESULTING EXTREME PREJUDICE.

RESPECTFULLY, Jim CONINGFORD, PRO SE