JUDGE LISI,
THIS IS A COPY OF MY STATEMENT TO THE DISCIPLINARY BOARD.

About two weeks ago I was called to Officer Faulkner's Office. Upon entering he asked, "Can you do a favor for me?"

"Sure, what is it?" I asked.

"Can you 'push' the guy in the wheelchair? I know that this is not your job, while you are doing it you don't have to do the floors at night."

"Okay, but for how long?"

"Until I hire someone for it. The next person I hire — Moralis — will get this job, but I can't hire anyone now because the officer ... Officer Vesella, is on vacation until next week."

Some time during our conversation, Officer Faulkner said that he had asked a superior about filling the position, and he was informed to have a porter to do it until he could hire someone specifically for the job. If my information is correct, I am (at least) the second porter to fill the position and to my knowledge the previous porter also could not continue with the task, yet he was not fired or 'booked' as a result.

Sunday morning (7/15/07), I approached Officer Faulkner and attempted to explain that I could no longer continue pushing Mr. Rossi. I informed him that I had a legal matter that I needed to work on (my court case), and that the task of pushing Mr. Rossi was extremely time-consuming, as I had to wait while Mr. Rossi exchanged diapers, produced urine samples, or consulted with nurses without an appointment.

I admit that I was not in my best-of-spirits, when I approached Officer Faulkner; but I was not "argumentative": I was extremely tired and frustrated. During the last several nights I had stayed awake until 2:00am. to prepare my legal response (which I anticipate being forty-plus pages) that is due by August 10, 2007. I attempted to explain the importance of this deadline and the dire need to complete my legal response on-time.

He said, "Well, what are you asking?"

"I'm asking that you assign another porter to this task, and that I go back to doing my job[1]: mopping floors."

"This is your job."

"No, you had asked me to do this as a favor to you."

"Well, I guess I should have phrased it differently — it's your job now."

"I can't continue to do it due to my legal work."

"If you don't do it, then you're fired!"

Since it was not yet 8:00am., and there were still movements to 'chow,' I left the block to seek the advice of a Captain (if authorization is necessary to leave the block at this time then I am at fault for not asking). The Captain I approached directed me to a lieutenant. I briefly explained my dilemma to the Lieutenant; he said that he "would look into the matter."

Once I returned to the block, I was informed that I was fired and booked by Officer Faulkner for not following an order (although no order was to be performed at that time).

~~It should be noted that as soon as Mr. Rossi was placed on L.O.A.P., he conveniently had~~ more 'reasons' to leave the block." When Officer Faulkner had to "immediately" find a replacement to push Mr. Rossi to the infirmary, it was only so he (Mr. Rossi) could exchange his diaper, it was not an emergency. Previously the same morning, I had attempted to bring Mr. Rossi to the infirmary before chow, but there were not any nurses available yet. Officer Machado provided a bag for Mr. Rossi so that his soiled diaper would not be exposed during breakfast. After breakfast and med-line, I again attempted to bring Mr. Rossi to the infirmary to exchange his diaper, but the nurse at the window informed us that sick-call was over. Upon returning



1. MY JOB (MOPPING FLOORS) USUALLY TOOK 15-20 MINUTES TO PERFORM

to my block, I approached Officer Faulkner and informed him of my dilemma.

It was my understanding from the beginning that I was performing a "favor" for an officer, whom I respected. Had I known that it was a job in the guise of a "favor," I would have declined the position immediately, and avoided any needless confusion. Given the ultimatum of assisting Mr. Rossi (jeopardizing my criminal case"), or completing my legal work (risking my porter job), I would reasonably choose to complete my legal work. I have been in CR Block for nearly two years without a hint of any problem; and I held the position of block porter for about a year. I don't understand why I was chosen to push Mr. Rossi since I had more seniority than many of the other porters; but out of respect for Officer Faulkner I, in good faith, submitted to do him a "favor," and ultimately I was penalized for it. Consequently, I received fifteen (15) day of L.O.A.P., fifteen days loss of good-time, and confirmation of my job loss from the disciplinary board.

Please seriously consider my circumstances regarding this matter before rendering a decision. I never had any intention of impugning Officer Faulkner's authority, yet I was faced with an ultimatum and I had to choose the priority of completing my court work.

Respectfully,

**Inmate Id: 0070949** **Inmate Name: JAMES D CONINGFORD** **Sec: MED**

Incarceration No: 0021415 Area/Cell: CMODR 39

Job Code: CRPT SRG Level: Enemy Level:

**Discipline No: 000032046**

**HEARING:**

Hearing Date: 7/17/2007 09:07:23 Offender's Plea: NOT GUILTY

Rep Counselor: Robinson

Req Witness: NO Waive 24 Notice: NO

**Offender Statement:**
States his job was to clean showers and mop floor. States C/O FAULKNER changed his job to pushing a disabled inmate. It was inmates understanding thathe was doing C/O Faulkner a f avor.

**Witness(s) Statement:**
N/A

**Officer's Statement:**
gUILTY BASED ON REPORT. Inmate must do what C/O instructs him to do, regardless of how he feels about. (I TOLD THEM I NEEDED TIME TO COMPLETE MY LEGAL PAPER WORK)

**Finding: GUILTY** **Class. Review: NO** **Req Ward Review: YES**

Infraction Code: 312 Infraction CAT: DISOBEDIENCE

Infractions Severity: MODERATE

Infractions Description:
Disobeying a Lawful Order Not Pertaining to Custody or Control Enforcement (e.g., refusing to work)

Hearing Off. Sig: Flynn