26

The Appeal Court recognized that "[t]he trial justice could not have refused to give an instruction on the lesser-included offense of simple assault/battery based soley upon [the] defendant's failure to submit written requests for jury instructions." (2005-168-C.A. p.9). Yet, that is precisely why he denied an instruction. (T.T. 163) During trial, the State did submit a written request for a lesser-included instruction, and the State's request alone was sufficient for the trial justice to allow the instruction. (A copy of the State's request was attached to the appeal brief that I have previously filed with this court.)

Based on the testimony of Mr. Lappin, the accuser, there was no obvious indication of alleged sexual abuse. (T.T. p.43-74) He merely stated his genitalia was "touched" above his clothing. Personally, I believe there are numerous grounds that would reasonably support an instruction for a lesser-included offense, among them are:

- The accuser never claimed to have been "touched" in a sexual, criminal, or an inappropriate manner.
- The accuser never indicated that the alleged "touch" was performed for the purpose of sexual gratification or arousal; nor did he ever claim that there may have been an intent (or plan) of any sexual or criminal behavior.
- The accuser never employed any verbage with a sexual connotation, (e.g. caressed, fondled, groped, humped, molested, rubbed, squeezed, stroked, etc.) nor did he employ any verbs with an emotional connotation (e.g. felt). If a mere allegation of a "touch" is not adequate to support a charge of simple assault/battery, how can it be adequate for a much more serious charge of child molestation?
- Neither the accuser, nor myself undressed or even partially undressed.
- The accuser never mentioned any hint of the duration of the alleged incident other than to suggest a brief instance of being "touched"

(over his clothing), rather than was touching or kept touching that would indicate a lengthier occurrance or an intentional behavior.

- The accuser never spoke of any resistance (physical, verbal or otherwise). I realize that resistance is not a necessary component to determine actual abuse., but any display of resistance would indicate a natural and expected reaction to a real incident, and it would further corroborate the alleged event.
- The accuser never denied that the alleged incident could have been inadvertent or accidental, nor did he suggest that it was sexual or criminal.
- There was never one iota of physical evidence or witness' testimony that directly supports or (CORROBORATE) the accuser's allegation
- I was never in a position of authority over the accuser during the vague timeline (June - September) of the brief alleged incident.

The appeal court claimed that "[t]here was no actual and adequate dispute concerning the distinguishing element of the lesser and greater offenses to entitle [the] defendant to the requested instruction." (2005-168-C.A. p.11) Considering only the current allegation as stated by the accuser, and carefully comparing it to the criteria of a second-degree child molestation charge and a simple assault/battery charge, the current allegation would most certainly resemble the simple assault/battery charge over the molestation charge. I acknowledge that I did not dispute the distinguishing elements of the numerous lesser charges that could have potentially been included in the instruction for the jury to consider. I only asserted that I was "Not Guilty" of the one charge for which I was tried. By asserting that I am "Not Guilty", I am inherently disputing the charge while simultaneously claiming

that the allegations are the result of something else entirely (i.e. it never occurred, it was a mistake or accident, wrestling or horseplay, et al.), anything but the crime for which I was charged. Through the advice of my attorney, I did not testify on my own behalf — despite the fact that I wanted to be heard. My attorney explained to me that it is nearly impossible to prove a negative (that is, that something did not occur), this is especially true when the allegation is a mere touch over the clothing — there would be no evidence for either party. Due to the exceptionally broad time frame (June to September), I could not possibly account for every minute of hour, day, week, and month of that period. Most importantly, during trial, the trial justice stated:

> "THE DEFENDANT IS UNDER NO OBLIGATION TO PROVE ANYTHING. HE DOES NOT HAVE TO PRESENT ANY WITNESSES OR HE DOES NOT HAVE TO PROVE ANY EVIDENCE WHATSOEVER IN HIS OWN DEFENSE, NOR IS HE REQUIRED TO TESTIFY IN HIS OWN DEFENSE, ... [AND] NO ADVERSE INFERENCE WHATSOEVER CAN BE DRAWN FROM THAT." (T.T. p. 25 6-13)

Yet the State Appeal Court is now essentually claiming that because I didn't testify, I am also not disputing — far from it — I was and still am emphatically disputing the allegation.

The appeal court asserts that MESSA "[i]s distinguishable from the present case." Although I agree, I do so for a different reason. In MESSA the alleged offenses were less vague — infact — they were very explicit:

> "[P]UT HIS ARMS AROUND ME AND CAME FROM BEHIND ... HELD ME THERE FOR ABOUT FIVE MINUTES AND THEN HE PUT HIS HANDS BEHIND MY BACK ... RESTED HIMSELF AGAINST ME ... RUBBED HIS PENIS AGAINST MY HANDS ... CONTINUED THIS ACTIVITY FOR TEN MINUTES ... RUBBING HIMSELF UP & DOWN ON TODD ... THE INCIDENT LASTED ONLY A COUPLE OF [MORE] MINUTES." STATE V. MESSA, 594 A.2d 883

Clearly the allegations in MESSA support a charge of second-degree child molestation or at least sexual assault since they include many very suggestive verbs (v.z. held, rested, rubbed, rubbing, etc.), and also the duration (at least seventeen minutes) of the alleged incidents. The MESSA case cannot be reasonably compared to my case: a vague allegation of the accuser's genitalia being "touched" over his clothing. No sexually suggestive verbs and no mention of duration in my case. The accuser in my case could have easily meant that the alleged occurred for only a split-second, and that the alleged contact was accidental or unintentional. He simply did not say; he was vague as to the alleged act itself and the duration. These are crucial elements to consider in such a serious case, especially when intent and proof of gratification (arousal) must be determined.

Unlike MESSA, the accuser in my case never indicated that the alleged incident could have been horseplay; but more importantly, he never — even to the slightest degree — suggested that it was sexual or criminal in nature. He never even claimed that the intent (or plan) might have been sexual. His only serious allegation was, "He touched my penis [above my clothing]," and this should only be considered serious if it was performed not only intentionally but also for gratification. The only action he alleges is "touch." The traditional meaning of the word "touch" is to come in contact with (e.g. boundries and borders touch). Absent any explicit corroborating and direct evidence, I don't understand how a lesser-included charge (of simple assault/battery) could be excluded.

The State Appeals Court included information regarding the 404(b) witnesses into their (the judge's) assessment against the admission of a lesser-included instruction. I don't recall any exception standard under the 404(b) Rules of Evidence that allows 404(b) testimony to be

used in determining the seriousness of an alleged offense that is not directly related. In other words, I do not believe 404(b) testimony should be a factor in whether a lesser-included charge is allowed or not. The admission of a lesser-included instruction should be determined solely on the facts and evidence directly related to the case at hand.

The seriousness of the current alleged offense should be determined soley on the accuser's testimony — testimony that LACKED any evidence of sexual misconduct, or intent of any sexual misconduct. When the evidence supports a possible verdict on a lesser included offense, the defendant is entitled — and the trial justice is required — to instruct the jury on that lesser-included offense. STATE V. HOCKENHULL, 525 A.2d 926, 930 (R.I. 1987). Since "[b]attery refers to an act that was intended to cause, and does cause, an offensive contact [touch] with or without unconsented touching of or trauma upon the body of another, thereby generally resulting in the consummation of the assault." PROFFITT V. RICCI, 463 A.2d 514. -SEE PROSSER, HANDBOOK OF THE LAW OF TORTS §§ 9 & 10 at 34-41 (4th ed. 1971), a charge of Simple assault/battery should have been available to the jury.

Before the jury was asked to deliberate, my attorney and the prosecutor specifically requested (on record) that the trial justice provide a lesser-included instruction. Obviously, the State also recognized that there was a real possibility that no malice or intent of a sexual nature occured. Also, the possibility exist that some — if not all — of the jurors felt I was guilty of some lesser offense, and regardless of how minor this lesser offense might have been, they were only provided with one charge to consider. "The trial justice should have instructed the

jury that if it found the touching to have been offensive, but not intended to be for sexual gratification, it might return a verdict of battery as a lesser included offense." STATE V. MESSA 594 A.2d 885

An instruction on a lesser-included offense is warranted unless a conviction of that offense would be irrational based upon the evidence presented at trial. STATE V. HOCKENHULL, 525 A.2d 926, 929 (R.I. 1987). Furthermore, when a defendant requests a jury instruction on a lesser offense, s/he must satisfy only a minimal evidentiary requirement. See, e.g., STATE V RODRIGUEZ 822 A.2d 894, 910 (R.I. 2003) ("only a minimal quantum of evidence is necessary"); STATE V. ORTIZ, 824 A.2d 473, 485 (R.I. 2003) (defendant entitled to a jury instruction on lesser offense when "some evidence" exists that warrants such a charge); STATE V. HOCKENHULL, 525 A.2d 926, 929 (R.I. 1987)

In my case — by virtue of the court's instruction — the jury had to find sexual assault (viz. molestation) or no crime at all, thereby depriving the jury of the opportunity to choose a less drastic alternative than the choice between conviction and acquittal. Thus, the trial justice created the unfair jury dilemma which lesser-included offense instructions are designed to obviate:

"TRUE, IF THE PROSECUTION HAS NOT ESTABLISHED BEYOND A REASONABLE DOUBT EVERY ELEMENT OF THE OFFENSE CHARGED, AND IF NO LESSR OFFENS INSTRUCTION IS OFFERED, THE JURY MUST, AS A THEORETICAL MATTER, RETURN A VERDICT OF ACQUITTAL. BUT A DEFENDANT IS ENTITLED TO A LESSER-INCLUDED OFFENSE INSTRUCTION — IN THIS CONTEXT OR IN ANY OTHER — PRECISELY BECAUSE HE SHOULD NOT BE EXPOSED TO THE SUBSTANTIAL RISK THAT THE JURY'S PRACTICE WILL DIVERGE FROM THEORY. WHERE ONE OF THE ELEMENTS OF THE OFFENSE CHARGED REMAINS IN DOUBT, BUT THE DEFENDANT IS PLAINLY GUILTY OF SOME OFFENSE, THE JURY IS LIKELY TO RESOLVE ITS DOUBTS IN FAVOR OF CONVICTION." KEEBLE V. UNITED STATES,

412 U.S. 205, 213-14 (1973). See also, STATE V. HOCKENHULL, supra. Since a rational juror in this case certainly could have found that the State had not proven an element critical to the greater offense, and that I therefore could have been found guilty of a lesser offense, the trial justice's error was grievous and requires reversal.

CONCLUSION:

I am accused and convicted of committing a single "touch" a touch that through the eyes of the State, was a heinous crime that warranted a thirty-year sentence (twenty years to serve). This outrageous sentence is perhaps the best indicator of the extremes the State is eager to go to. Thirty years for an allegation of a questionable touch (above the clothing), without one iota of supporting evidence, without so much as a sexual innuendo to corroborate, without any hint of duration, without any proof of intent, but with a specious hypothetical scenario conjured up by a prosecutor; a prosecutor who through chicanery also persuaded the Court to allow highly prejudicial 404(b) testimony into the trial.

The State's prosecutor — in a ploy to diminish my presumption of innocence — bewildered the jury by presenting 404(b) witnesses with their extrinsic testimony: testimony that vastly blurred the distinction between remote memories of alleged brief encounters with real factual evidence. The trial justice permitted this egregious testimony by professing its relevance via the "common, plan, or scheme" exception of Rule 404(b). He essentially prompts the jury to conclude that "the facts and circumstances of this other alleged misconduct and the offense with which the Defendant is charged in this case are so similar that it is likely the same person committed both the other alleged crime and the [alleged] offense charged in this case. (TT p. 84 17-22, p. 115 8-12 p. 156 22-25) If the jury followed this instruction they inherently judged me on the previous allegations (for which I am not on trial), eventhough all these alleged events lacked any "signiture" evidence.

It is not sensible to expect the jury to consider a single set of narrowly defined conditions that limit their use of the evidence, while also expecting them to dismiss and ignore the myriad of other aspects — especially when this so-called evidence — on the taboo subject of child molestation — fosters such hostility. The mere idea of a child being victimized ignites a primal rage that propels any respectable adult to protect 'that' child. It does not matter that there was absolutely no truth to such a suggestion, the 'mental image' has already been engraved, no amount of convincing can erase such a passionate image. Similarly, in my case, once the highly-prejudicial evidence was seen and heard, not one scintilla of that evidence could be unseen or unheard, regardless of the devastating effect it had on my presumption of innocence: innocence that was intended to remain with me throughout the trial. (TT p. 33 2-11) Yet, that is precisely what the trial court required of the jury.

After hearing about the alleged brief touch from the accuser, the irrelevant allegations from the so-called witnesses and the specious hypothetical scenario from the prosecutor, the cumulative affect may excited the urge to "punish" from the jury, a punishment invoked by guilt-by-repetition. Moreover, the jury was never reminded that the prosecutor's argument (scenario) was not evidence.

This gross injustice was only compounded by the trial Court's blatant refusal of a lesser-included instruction. A lesser-included instruction would not have fully compensated for the extreme prejudice created from the 404(b) testimony, but it would have

allowed the jury the opportunity for them to determine the seriousness of the alleged "touch." The jurors (the triers-of-fact) were denied that opportunity. I was denied a fair trial.

During the commencement of my trial, Justice Nugent instructed the jury not to reach any hasty conclusions, and he informed them that "every Defendant in a criminal case is presumed to be innocent, ... [and] this presumption of innocence remains with the Defendant throughout the trial (TT p. 33 2-11). He also emphasized that the 'burden of proof' rests solely on the State, and that this burden never shifts. (TT p. 33 17-30) These admirable goals were rendered null and void with the introduction of the 404(b) testimony, and again with the exclusion of a lesser-included instruction.

Our forefathers, the authors of our Constitution, declared that "[i]t is far better to set one-hundred guilty men free than to imprison a single innocent man."[1] I never could grasp the logic of that statement, until I became the innocent man.



1 THIS IS A PARAPHASE FROM MEMORY