RECEIVED
SEP 04 2007
Property of U.S. District Court
District of Rhode Island

NOTE :

THIS DOCUMENT IS SUPPOSED TO HAVE BEEN FILED WITH THE RESPONSE OF JAMES CONINGFORD WHICH WAS FILED WITH YOUR OFFICE ON AUG. 28, 2007 (MONDAY)

PLEASE FILE THIS WITH THE OTHER DOCUMENTS.

THANK YOU,

/K: QUITEVIS

CASE #
CA-07-167

A

STATE OF RHODE ISLAND SUPERIOR COURT

FILED 95 NOV -2 AM 9:42

KENT, SC.

STATE OF RHODE ISLAND :

VS : INFO. NO. K2/95-668A

JAMES D. CONINGFORD :

# ORDER

This matter came on to be heard before Associate Justice Clifton on the 26th day of October, 1995, on Defendant's Motion To Dismiss. After hearing argument from both parties the Court rendered the following decision:

1. In considering a Motion to Dismiss the Court must examine the affidavits, statements and exhibits contained in the information package and determine whether there exists probable cause to believe that a crime has been committed and that the defendant committed a crime. The second prong of this analysis has been satisfied in that the material in the information package contains probable cause to believe that the defendant committed a crime.

2. The State has charged the defendant with a violation of R.I.G.L. 11-5-1 assault with intent to commit sexual assault. The defendant argues that under State vs McDonald, 602 A2d 923 (1992) the State must prove that the defendant committed an assault with intent to commit first degree sexual assault and not some other degree of sexual assault as set forth in R.I.G.L. 11-37-1 et. seq. The State argues that the Court can also consider whether the defendant violated 11-37-8.1 first degree child molestation sexual assault. The Court notes that 11-37-8.1 was originally enacted in 1984 and was last amended to its present form in 1988 so that first degree child molestation sexual assault was "on the books" when the supreme court decided McDonald. The Court finds that 11-5-1 requires the State to prove that defendant committed an assault with intent to commit first degree sexual assault.

3. The Court has carefully examined all of the affidavits, witness statements and exhibits contained in the information package and given all proper inferences to the evidence contained in the package and concludes that the State has not demonstrated probable cause to believe that defendant has committed an assault with intent to commit first degree sexual assault. The victim stated to police that the defendant never touched the victim in his private parts and there is nothing within the information which would allow the Court to logically infer penetration or intent to penetrate. The victim further stated that the defendant never removed any of the victim's clothing. Accordingly, the Court finds the information package does not set forth a sufficient probable cause for the Court to conclude that the defendant committed an assault with intent to commit first degree sexual assault.

* THIS "VICTIM" WAS THE STATE'S FIRST 404(b) WITNESS TO TESTIFY IN MY TRIAL. THIS IS ALSO THE SAME INDIVIDUAL (MR. COLARDO) THAT THE TRIAL JUSTICE SAID THAT I "PULLED DOWN HIS PANTS AND UNDERWEAR AND TOOK PICTURES OF HIS PEE-PEE."

4. The defendant's Motion to Dismiss Count II of the information is granted and the State's Motion to amend Count II to simple assault and battery, a violation of R.I.G.L. 11-5-3, is granted.

5. This matter is continued to November 16, 1995, for further pre-trial conference.

ENTERED as an Order of this Honorable Court this 14th day of November, 1995.

ENTER:

ASSOCIATE JUSTICE 11-14-95

PER ORDER:

CLERK 11-14-95

PRESENTED BY:

DAVID I. MCKENNA, ESQUIRE
Attorney for Defendant

**CERTIFICATION**

I hereby certify that I mailed a copy of the within Order to the Kent County Attorney General's Department, 222 Quaker Lane, West Warwick, Rhode Island on the 30th day of October, 1995, by regular mail, postage prepaid.

Christine Paris