UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES D. CONINGFORD,
Petitioner

v. C.A. 07-167-ML

STATE OF RHODE ISLAND, et al
Respondents

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

James D. Coningford ("Coningford"), an inmate incarcerated at the Rhode Island Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus challenging his conviction of second degree child molestation. The Attorney General of the State of Rhode Island ("State"), designated a party-Respondent, has moved to dismiss the petition. For the reasons hereinafter stated, the State's motion to dismiss is granted, and Coningford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied and dismissed.

BACKGROUND AND TRAVEL

A. Underlying Criminal Conduct

The underlying facts are culled from the decision of the Rhode Island Supreme Court (RISC) affirming Coningford's conviction. See State v. Coningford, 901 A.2d 623 (R.I. 2006).[1] The complainant, Robert, age seven at the time of the assault, was a friend of James Coningford's son, Zachary. The RISC described the sexual assault as follows: "According to Robert, one day in August 2002, he was listening to music on the computer with Zachary and another boy in Zachary's room when defendant walked in, placed Robert on his shoulders, carried him downstairs to

[1] In keeping with that decision, the names of the complainant and two State witnesses, who were all minors at the time of the alleged molestations, are pseudonyms.

defendant's bedroom, placed him on the bed, and closed the door. Robert testified that defendant then kneeled next to him so that he was over Robert's body and told him to hold his breath for five minutes. The defendant then touched Robert's penis over his clothes. Robert also said defendant 'sniffed' his penis. After this happened, Robert got up, ran out of the bedroom, went out to his bicycle, and rode home. Robert said that the touching made him feel 'nervous.'" Coningford, 901 A.2d at 625.

B. State Court Proceedings

Coningford was charged in August 2003 with one count of second-degree child molestation of Robert, in violation of R.I. Gen. Laws 11-37-8.8. (See Dkt. No. K2/2003-0412A).[2] Prior to trial the State filed a motion in limine seeking to have two witnesses, 'Joseph' and 'Roger,' each of whom claimed to have been sexually assaulted by Coningford in the past, testify at trial, pursuant to Rule 404(b) of the Rhode Island Rules of Evidence. After hearing argument from both parties, the state trial justice granted the motion and allowed both witnesses to testify.

At trial in June 2004, Joseph, who was then sixteen years old, testified that when he was eight years old, while on his way to a friend's house in West Warwick, he encountered Coningford, who had a video camera and a still-photograph camera. Joseph said that Coningford called him over to his house and asked Joseph if he would pull down his pants so that he could take pictures of him. Coningford, 901 A.2d at 625-626. Joseph testified that when he refused, Coningford said, "if you don't pull your pants down I'm going to kiss your butt" and that when he still refused, Coningford

[2] The criminal case was consolidated for pretrial purposes with a separate case in which Coningford was charged with second-degree child molestation of a young girl. The two cases were severed for trial, and a jury found Coningford not guilty in the case involving the young girl. Coningford, 901 A.2d at 625, n. 1.

unzipped and unbuttoned Joseph's pants. Id. at 626. He testified that this made him feel "uncomfortable," and that he asked to leave. Id.

Roger, who at the time of trial was twenty-eight years old and was incarcerated due to a sexual assault conviction, testified that in 1991, when he was about fourteen, he reported an incident to the police that involved Coningford. "Roger said that he and his cousin had gone to Coningford's house and that defendant was 'rubbing up against me and stuff like that' and 'grabbed my ass.' Id. Roger testified that Coningford rubbed his penis area into Roger's buttocks, which made Roger feel '[u]ncomfortable,' and that he 'knew there was something wrong with it.'" Id.[3]

The State also presented the testimony of Robert the complainant and Detective Janice Sassi, who took two statements from Robert, one of which was videotaped.

After the State rested, Coningford made a motion for judgment of acquittal, which the trial justice denied. Coningford did not testify or present witnesses. After the trial justice's final instructions to the jurors, defense counsel requested an instruction on a lesser-included offense of simple assault. Noting that defense counsel "submitted no instructions about a lesser-included offense" and that it did not "appear to [him] there is any evidence in the record to support it anyway," the trial justice denied the request. Id.

After deliberations, the jury found Coningford guilty of second-degree child molestation. Coningford renewed his motion for judgment of acquittal and filed a motion for a new trial, arguing *inter alia* that the verdict was contrary to the weight of the evidence and that he was prejudiced by

---

[3] After the complaint by Roger, Coningford pled nolo contendere to an amended charge of simple assault and battery and received a six-month suspended sentence, with probation. As a result of the encounter with Joseph, Coningford pled nolo contendere to an amended charge of simple assault and battery and received a sentence of six months to serve. Coningford, 901 A.2d at 626, nn. 3 and 4.

the testimony of Joseph and Roger. The trial justice denied the motion and sentenced Coningford to thirty years at the ACI, with twenty years to serve and ten years suspended, with probation. Id.

Coningford appealed his conviction to the Rhode Island Supreme Court, contending that the trial justice erred in: (1) failing to instruct the jury on the lesser-included offense of simple assault and/or battery, and (2) admitting evidence of Coningford's prior bad acts pursuant to R.I. R. Evid. 404(b), via the testimony of the two witnesses who had been previously assaulted by Coningford. In a decision dated July 3, 2006, the RISC rejected these arguments and affirmed the conviction. See Coningford, 901 A.2d at 627-631. Coningford separately filed a Motion to Modify Sentence, which was withdrawn, apparently without being heard. (See Petition at 3-4.) He filed no other application for postconviction relief in the state court.

C. Petition for Writ of Habeas Corpus

Thereafter, Coningford filed the instant petition for habeas corpus relief in this Court. In his petition Coningford asserts essentially the same grounds that he presented in his direct appeal to the RISC, namely (1) the failure to instruct the jury on the lesser-included offense, and (2) that the trial justice improperly admitted evidence of prior bad acts. The State moved to dismiss Coningford's petition. Coningford filed a response to the State's motion to dismiss, in which he raised a number of new claims not previously presented to the state courts. See Response to State's Motion to Dismiss Petition for Writ of Habeas Corpus, filed on August 27, 2007 ("Pet. Response") at 37-52.[4]

---

[4] Coningford initially filed several responses to the State's motion to dismiss, including a copy of his appellate brief to the RISC. See Letter dated June 4, 2007, filed on June 12, 2007 (Doc. 6), Response with copy of state appellate brief, filed June 18, 2007 (Doc. 9), and "Continuation of Response filed on 6/18/07," filed on 7/2//07 (Doc. 13). In his August 27, 2007 Response, Coningford indicated that his substantive response to the State's motion to dismiss consisted only of that Response and his previously filed state appellate brief. See Pet. Response at 1. Therefore, this Court considers only those documents, along with his Petition.

These claims are discussed infra. The matter is now ready for decision.[5]

## DISCUSSION

### A. Exhaustion vs. the Merits

Before this Court may entertain a petition for habeas relief, a petitioner must exhaust his remedies available in state court See 28 U.S.C. 2254(b)(1)(A). Exhaustion, in general, requires that a federal court not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies with respect to each and every claim contained within the application. Adelson v. DiPaola, 131 F.3d 259, 261-262 (1st Cir. 1997). A petitioner exhausts his state court remedies by fairly presenting his claims to the highest state court with jurisdiction to consider them. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Applying these principles here, it appears from the record that Coningford has not exhausted his state remedies as to any of his claims. In addition to his direct appeal to the RISC, Coningford did file a Motion to Modify Sentence, but that motion was then withdrawn, apparently without being acted on. There is no indication in the record that he filed any other application for postconviction relief in the Rhode Island state courts -- whether pursuant to R.I. Gen. Laws § 10-9.1-1 et seq., or otherwise. Moreover, although Coningford's two principal claims were presented to the RISC on direct appeal, it is questionable whether either claim raised a federal constitutional issue, in addition to state law grounds. Furthermore, the additional claims he asserts in his Response were not presented to the state courts at all. Thus, Coningford has not given the state courts an opportunity to resolve his federal claims through "one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845, and his claims may be deemed unexhausted.

---

[5] Because the facts concerning the state court proceedings are not disputed, the Court determines that no hearing is necessary in this matter.

Notwithstanding Coningford's failure to exhaust, this Court may nonetheless consider the merits of his claims. Title 28 U.S.C. 2254(b)(2) provides:

> An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

The First Circuit has not adopted a standard for determining when it is appropriate to deny an unexhausted claim on the merits under §2254(b)(2). See Brown v. Wall, 2008 WL 519982 (D.R.I. February 25, 2008). Other courts, however, have held that 2254(b)(2) codifies Granberry v. Greer, 481 U.S. 129 (1987), which held that a federal court may deny an unexhausted claim on the merits where "it is perfectly clear that the applicant does not raise even a colorable federal claim." Id. at 135. See e.g. Moore v. Schoeman, 288 F.3d 1231 (10th Cir. 2002) (under § 2254(b)(2) court may "(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits"). If a habeas petition does raise a colorable claim, however, it must be remanded to state court for initial consideration there. See e.g. Jones v. Morton, 195 F.3d 153, 156 n. 2 (3d Cir. 1999). ("Section 2254(b)(2) is properly invoked only when it is perfectly clear that the applicant does not raise even a colorable federal claim."); Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir.2005)(same).

In the instant matter this Court finds, for the reasons stated below, that none of the claims raised in Coningford's Petition present a colorable federal claim, and thus those claims may be disposed of here.

B. Habeas Corpus Standard

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) significantly limits the scope of federal habeas review. AEDPA precludes the granting of habeas relief to a state prisoner unless

the state court decision in question was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" federal law if the state court applies a legal principle different from the governing principal set forth in Supreme Court cases, or if the state court decides the case differently from a Supreme Court case on materially indistinguishable facts. Bell v. Cone, 535 U.S. 685 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405 (2000)).

To hold that a state court's decision is an "unreasonable application" of clearly established federal law, the federal habeas court must find that the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied it to the facts of the particular case. Bell, 535 U.S. at 694. In making this determination, a federal habeas court should ask whether the state court's application of clearly established federal law was objectively unreasonable as opposed to merely incorrect. Id.; Williams, 529 U.S. at 411.

AEDPA also provides habeas relief when a state court decision was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). However, a state court's factual findings are entitled to a presumption of correctness and may be rebutted only by clear and convincing evidence to the contrary. 28 U.S.C. § 2254 (e)(1). See Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002).

In the First Circuit, the AEDPA deferential standard of review only applies where the state court actually addressed the merits of petitioner's federal claim. Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001). Where the state court did not address the federal issue, the standard is de novo review. Id.

C. Principal Claims

1. Assertion of Constitutional Issues.

As a threshold matter, this Court notes that Coningford devotes the bulk of his argument in support of his two principal claims to points of state law rather than federal constitutional principles. It is well settled that in non-capital cases habeas relief from state criminal convictions is generally not available unless the alleged errors are violations of the Constitution, laws, or treaties of the United States. Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). See also 28 U.S.C. §§ 2241(c)(3), 2254(a). Put another way, errors based on mere violations of state law in such cases do not warrant habeas relief absent a federal constitutional claim, and such violations are no part of a federal habeas court's review of a state conviction. Id. at 62 (citing Estelle, 502 U.S. at 67).

Here, given the extent to which Coningford's two principal claims challenging his conviction are rooted in state law principles, it is questionable whether either of those claims adequately asserts a federal constitutional claim. This alone would be grounds for denying habeas relief. See Kater, 459 F.3d at 61. Nevertheless, in his Response, Coningford does make reference to concepts of fundamental fairness and his due process rights in connection with these claims. (See Pet. Response at 2, 17). Therefore, construing his Petition and supporting papers liberally, this Court finds that Coningford has adequately (if barely) raised a federal constitutional argument as to his claims concerning the state trial justice's allowance of the Rule 404(b) witnesses to testify as to prior bad acts and the failure to instruct on a lesser-included offense, so as to warrant habeas review. See Petrillo v. O'Neill, 428 F.3d 41, 44-45 (1st Cir. 2005) (court assumed arguendo that the errors alleged were of constitutional magnitude and denied claims on the merits). See also Evans v.

Verdini, 466 F.3d 141, 145 (1st Cir. 2006) ("Violation of a rule of evidence does not itself amount to a constitutional violation;" however, "on the facts of a given case, an evidentiary error may result in such fundamental unfairness to the defendant as to constitute a due process violation.")(citing Chambers v. Mississippi, 410 U.S. 284(1973)).

2. Rule 404(b) Witnesses

Coningford claims that the state court erred in allowing two witnesses to testify as to prior incidents in which he was accused of sexual assault, pursuant to R.I. Rules of Evid. 404(b)[6] and that he was denied a fair trial as a result. He asserts that their testimony did not fall within any of the exceptions to inadmissible character evidence contained in Rule 404(b) because the previous incidents were so dissimilar and remote in time from the charged offense that the jury could have improperly viewed the evidence as showing that Coningford had a propensity to commit sexual offenses.

In addressing this claim, this Court is mindful that the issue in this habeas proceeding is whether the RISC's rulings on this issue are contrary to, or constitute an unreasonable application, of federal constitutional law. § 2254(d). Thus, even if the state court was incorrect as to whether the testimony concerning prior acts was admissible, a writ of habeas corpus is not properly granted based on a mere violation of state evidentiary rules. See Petrillo v. O'Neill, 428 F.3d 41, 44 (1st Cir. 2005) ("To be a constitutional violation, a state evidentiary error must so infuse the trial with

---

[6] R.I. Rules Evid. 404(b) carves out an exception to the general rule of exclusion of prior bad acts and provides:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

inflammatory prejudice that it renders a fair trial impossible.") The question, therefore, is not whether the admission of evidence violated state law, but whether any error rendered the trial so fundamentally unfair that it violated due process. See Kater, 459 F.3d at 64.

This Court finds that the testimony of the two witnesses in question was not unfairly prejudicial and did not lead to a fundamentally unfair trial. In finding such testimony admissible, the RISC thoroughly discussed the relevant factors for admitting evidence of prior bad acts against a defendant as set forth in its precedents: namely, that the prior bad acts be non-remote, similar in nature to the conduct in question, relevant and reasonably necessary to proving the charges against the defendant and that the trial judge must instruct the jury on the limited purpose for which that evidence may be considered. Coningford, 901 A.2d at 627-29 (citing State v. Mohapatra, 880 A.2d 802, 802 (R.I. 2005)). The RISC recognized that the prior acts occurred seven and eleven years, respectively, prior to the incident here but found that the remoteness of the acts was outweighed by their probative value, utilizing the standard set forth in State v. Hopkins, 698 A.2d 183, 186 (R.I. 1997). Id. at 627-28. The RISC found that the prior incidents were similar to the incident in question because all complainants were young boys unrelated to Coningford who were in the vicinity of his home and under his influence, supervision or control and the contact was initiated for the purpose of sexual gratification or arousal. Id. at 628.

The RISC further found that evidence of Coningford's prior sexual misconduct was relevant to the crime charged because, pursuant to state law regarding second-degree sexual assault, see §§ 11-37-1(7) and 11-37-8-3, the State had the burden of proving that the touching was done for the purpose of sexual arousal or gratification and therefore that evidence was necessary to show that the touching in question was for sexual gratification and not accidental or innocent. Id. at 628-29 (citing

State v. Davis, 670 A.2d 786, 789 (R.I. 1996)). Finally, the RISC noted that the trial justice carefully instructed the jury concerning the use of this evidence. Id.

Based on the foregoing, the admission of testimony of the two witnesses in question in no way violated, or constituted an unreasonable application of, clearly established federal law, or was otherwise "so egregious as to 'by itself so infect the entire trial that the resulting conviction violates due process.'" Otsuki v. Dubois, 994 F.Supp. 47, 57 (D.Mass. 1998)(quoting Estelle, 502 U.S. at 71); Petrillo, 428 F.3d at 44. Indeed, the issue is ultimately one of state law rather than federal constitutional law. Otsuki, 994 F.Supp. at 58 (finding admission of "bad acts" testimony did not present issue of federal law). Thus, this ground fails to state a claim for federal habeas relief.

3. Lesser-Included Offense Instruction

Coningford also claims that the state trial justice erred in rejecting his request to give an instruction on the lesser-included offense of simple assault and that the RISC's decision upholding this ruling violated his constitutional right to a fair trial.[7] This claim is likewise without merit.

In reviewing this claim on direct appeal, the RISC noted that under state law a defendant was entitled to instruction on such an offense only where there was an actual and adequate dispute as to the distinguishing element between the lesser and greater offenses in question. Coningford, 901 A.2d at 630 (citing State v. Motyka, 893 A.2d267, 284 (R.I. 2006) (internal quotations omitted). The state court further noted that the distinguishing element between the greater and lesser offenses was whether or not the touching of the victim was for the purpose of sexual gratification or arousal and concluded that there was no evidence from which it could be inferred that the touching by

---

[7] Coningford also appears to argue that the trial judge's refusal to instruct was improperly based upon counsel's failure to file written requests for an instruction on a lesser included offense. However, the RISC agreed that this was not a proper basis for denying such an instruction, see Coningford, 901 A.2d at 629-30, and thus, that basis is not at issue here.

Coningford was innocent or mistaken or accidental. Id. at 631.

In so concluding, the RISC contrasted State v. Messa, 594 A.2d 882 (R.I. 1991), in which it held that an instruction on the lesser-included offense of battery should have been given when the defendant was charged with the greater offense of second-degree sexual assault. Id. In Messa, one of the complainants "testified himself that the defendant's actions may have been merely 'wrestling' or 'horsing around,' but in this case, Coningford had maintained throughout trial and on appeal that there never was any touching at all rather than that the touching was innocent or mistaken. Id. Thus, the RISC concluded that, unlike in Messa, "the record here [wa]s devoid of any evidence that would support an inference that [Coningford]'s acts were not intended for his own sexual gratification or arousal." Id.

A state court's factual determinations are presumed to be correct unless a petitioner can show by clear and convincing evidence that this is not so. 28 U.S.C. § 2254(e)(1). See Rashad, 300 F.3d at 39, n.8 (even if a federal court would draw different factual inferences than those drawn by a state court, AEDPA requires that federal courts abide by the factual choices made between reasonable alternatives by the state court). Here, Coningford points to no evidence, let alone any clear and convincing evidence, that the state court findings on this issue were in error. His assertions that the victim did not testify to circumstances expressly suggesting sexual activity (e.g., that Coningford and the victim were undressed or that the touching was extended) and that the victim did not specifically deny that the touching could have been inadvertent or accidental do not satisfy this burden. The victim's testimony was uncontradicted and was sufficient in and of itself to support the child molestation sexual assault charge. Thus, on review of the record this Court is satisfied that there was no error.

The United States Supreme Court has expressly declined to decide whether due process would require a lesser-included offense instruction in a non-capital case, even when the evidence warranted such an instruction. See Beck v. Alabama, 447 U.S. 625, 638 (1980). The First Circuit, after noting a split in authority on this question, has stated that "the most that a noncapital defendant could assert under the Supreme Court's precedent is that a lesser included offense instruction is required if warranted by the evidence." Paulding v. Allen, 393 F.3d 280, 283 (1st Cir. 2005). See also Tata v. Carver, 917 F.2d 670, 671-72 (1st Cir. 1990) (noting that refusal to instruct on a lesser included offense in a noncapital case presents a constitutional question only if it threatens "a fundamental miscarriage of justice").

In view of this precedent, the RISC's conclusion that, based on the evidence presented, a lesser-included offense instruction was not required in Coningford's case, cannot be said to be "contrary to or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Likewise, the refusal to instruct did not constitute a fundamental miscarriage of justice.

In short, Coningford's claim concerning the state court's refusal to instruct on the lesser-included offense of assault or battery fails to state any colorable claim for federal habeas relief.

D. Additional Claims

In his Response to the State's motion to dismiss, Coningford lists a number of additional claims he seeks to assert. (See Pet. Response at 37-52.) These claims include *inter alia*: (1) alleged misconduct of the state trial judge; (2) alleged prosecutorial misconduct; (3) various claims of ineffective assistance of counsel; (4) challenges to the testimony of the victim; (5) challenges to various inconsistencies, procedures and occurrences during trial; (6) challenges to the jury's impartiality; and (7) sentencing claims. Coningford acknowledges that these new claims have not

been adjudicated by the state courts in any form. (Id. at 37.) As such, the claims are unexhausted and must first be presented to those courts before this Court may consider them. See 28 U.S.C. §2254(b)(2); Adelson, 131 F.3d at 261-262 (petitioner must exhaust his state remedies with respect to claims raised in his federal habeas application).

CONCLUSION

In view of the foregoing considerations, the State's motion to dismiss Coningford's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby GRANTED and that petition is DENIED and DISMISSED.

So Ordered:

Mary M. Lisi
Mary M. Lisi
United States District Judge

August 26, 2008